The People of the State of New York *v.* The St. Nicholas Bank of New York.

In the Matter of the Application of Horace H. Chittenden, Assignee, etc., of A. S. Hatch & Co., Appellant, to Compel Hugh J. Grant, Temporary Receiver of The St. Nicholas Bank of New York, Respondent, to Pay Certain Dividends, etc.

*Assignee for the benefit of creditors — his right to the assigned estate until he is removed.*

An assignee for the benefit of creditors is not an officer of the court, and, until he is removed from his office of assignee in the manner prescribed by statute, he is entitled to the possession of the assigned estate, and although he may have made propositions to a bank in which the funds of the assigned estate were on deposit, inconsistent with his duties as assignee, such fact does not enable the receiver of such bank to successfully resist his application for the payment of the amount standing on deposit to his credit as assignee.

Follett, J., dissenting.

Appeal by the petitioner, Horace H. Chittenden, assignee, etc., of A. S. Hatch & Co., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1894, denying the petitioner's motion to compel Hugh J. Grant, temporary receiver of The St. Nicholas Bank of New York, to pay certain dividends to the petitioner.

*Thomas P. Wickes,* for the petitioner, appellant.

*John M. Bowers* and *L. G. Reed,* for the temporary receiver, respondent.

Van Brunt, P. J.:

I cannot concur in the conclusion of Mr. Justice Follett in the case at bar. The applicant is the assignee and the owner of the fund deposited. He is not an officer of the court, and until he is removed from his office of assignee in the manner prescribed by statute he is entitled to the possession of the assigned estate; and although he may, as far as this semi-defunct bank is concerned, have made propositions which were inconsistent with his duties as assignee, such fact certainly does not authorize a holder of the funds of the assigned estate to resist the payment of the amount due

to the assignee. If the assignee has misbehaved he should be removed. But to say that the receiver of this bank shall be entitled to hold the funds simply because the assignee and owner of the same does not say that he intended to distribute it amongst the creditors, would seem to be appointing the receiver of this semi-defunct bank the substituted assignee of the estate, without going through any of the forms of law necessary to such substitution. Certainly, if this bank did not happen to be in the hands of a receiver, and a suit had been brought by the assignee to recover the amount on deposit, no defense would have been disclosed; and the fact that the bank is in the hands of such receiver and a suit cannot be brought, does not seem to be any reason for denying relief to which the petitioner is legally entitled. The order should be reversed and the motion granted, without costs.

O'BRIEN, J., concurred.

FOLLETT, J. (dissenting):

It is not contended that the receiver of the bank can set off the funds standing to the credit of the assignee against his individual indebtedness to the bank. The assignee is not personally the owner of five per cent of this sum (his commission) or of any part or portion of it, and the receiver has no right to hold any part or portion of the fund for the purpose of applying it in payment of the individual debt of the assignee to the bank. The fund must ultimately be distributed pursuant to a final decree of the court making the order for distribution of the funds in the hands of the assignee. The learned judge at Special Term held nothing to the contrary of the propositions above stated, but refused to take the funds from the hands of one officer of the court and place them in the hands of a trustee subject to the control of the court under the circumstances disclosed, and in this we think he wisely exercised his discretion.

The assignee did not state in his application that he desired to distribute the fund among the creditors of the assigned estate or to make any use of it as assignee, or that he proposed to deposit it as a trust fund. In a letter written by the assignee to the cashier of the bank, June 11, 1891, he said: "Referring to my matters with your bank, I have to say that the reason I did not fulfill my engagement to settle the interest and overdraft was that I was obliged to

postpone for two weeks a sale of some of the property of A. S. Hatch & Co., which I had every reason to suppose would be consummated before June 1. This sale will come off about June 15, and will, by the lowest estimate, put me largely in funds, and I hope you will consider this in view of what follows."

Again, on June 27, 1893, the assignee wrote the cashier as follows: "With reference to my note given for interest on previous notes, due at your bank within a few days, I ask you to give me a three months' renewal with the added interest. When I asked you to take this note instead of cash, I represented to you that I expected to realize on property in my hands as assignee of A. S. Hatch & Co. a sufficient sum to enable me to pay the whole of my indebtedness to your bank, and I told you that I was about to make a sale of such property. In accordance with the intention I thus expressed to you, I advertised for sale certain of the property of the estate, the sale to take place on the 25th of May last. I enclose you a copy of the advertisement (marked 1)."

In these letters the assignee stated that as soon as a portion of the assets of the assigned estate was converted into money he would pay his individual debt to the bank therefrom. Under such circumstances we think the Special Term wisely refused to order the funds of this assigned estate into the personal custody of the assignee.

The order should be affirmed, with ten dollars costs and disbursements payable by Horace H. Chittenden personally.

Order reversed and motion granted, without costs.